UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN B. EVANS                                    CIVIL ACTION

VERSUS                                             NO. 14-41

DANIEL H. EDWARDS, ET AL.                          SECTION "C" (3)

ORDER

On May 20, 2015, the Opposed Motion to Supplement and Amend Original Complaint [Doc. #31] came on for oral hearing before the undersigned. Present were Gary Bizal and Jacques Bezou, Jr. on behalf of plaintiff and Brooke Dufour on behalf of defendants. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, and the case law, the Court rules as follows.

I.    Background

The complaint alleges as follows. This lawsuit involves the severe beating and resulting injuries to plaintiff, Steven B. Evans, by inmates at the Tangipahoa Parish Jail on January 26, 2013. As a result of that incident, on January 8, 2014, plaintiff filed this federal civil rights action. The named defendants in the original suit were Daniel Edwards, in his official capacity as Sheriff of Tangipahoa Parish, Joyce Jackson, individually and in her official capacity as Warden of the Tangipahoa Parish Jail, Stewart Murphy, individually and in his official capacity as Jail


Administrator of the Tangipahoa Parish Jail and Brandon Pinion and other unknown deputies in their individual capacity.

Evans alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process and equal protection of the laws. He also alleges that various defendants encouraged customs, policies, and practices that deprived him of his safety and civil and constitutional rights. He contends that defendants acted with deliberate indifference to his safety. He also asserts accompanying state-law claims of spoliation of evidence, assault, battery, criminal conspiracy, intentional infliction of emotional distress, and negligence.

## II.     The Parties' Contentions

### A.     The Motion to Amend

Evans contends that through discovery, he has learned the identity of additional co-defendants and of information that clarify the specific actions of numerous defendants. Evans thus seeks to amend his complaint to add Sergeant Chad Hickey, Deputy Marshall Ray Hayes, Sr., and Sergeant Pamela Ricard and to add the additional allegations. Evans maintains that the amended complaint raises no new cause of action.

### B.     Defendants' Opposition

Defendants note that Evans sued "Unknown Deputies in their individual capacities as Tangipahoa Parish Sheriff's Deputies." Defendants also note that Evans does not assert that there was any mistake related to the identity of the new individuals in his failure to name them in the original complaint. They further note that Evans only seeks to name them now, over two full years after the alleged incident.

They argue that *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998), is controlling under these factual circumstances. There, the Fifth Circuit held that the plaintiff's attempt to name the formerly unnamed *John Doe* defendant was time-barred as the amendment can only relate back if there was a mistake in naming that defendant. *See id.* at 321-22. The *Jacobseb* court held that a mere lack of knowledge – *i.e.*, naming a *John Doe* defendant – does not constitute a mistake for purposes of relation back under Rule 15(c). *See id.* Defendants cite other Fifth Circuit cases that support the same proposition.

### C.   Plaintiff's Reply

Evans notes that the incident occurred on January 26, 2013. Evans propounded his first set of discovery requests on defendants on April 28, 2014, in which he sought the identities of the joint tortfeasor deputy sheriffs. Defendants responded that the interrogatory was premature because they had not completed their investigation.

Citing *Sanchez v. Tangipahoa Parish Sheriff's Office*, Civ. A. No. 08-1227, 2010 WL 1729381 (E.D. La. Apr. 22, 2010), Evans argues that defendants' reliance on *Jacobsen* and other cases is misplaced. In *Sanchez*, the District Court – affirming the magistrate judge – held that courts apply state statutes of limitation and state tolling principles to Section 1983 claims. *See id.* at *2. Thus, the timely filing of an original complaint against joint tortfeasors interrupts prescription as to all joint tortfeasors. *See id.* Noting that the prescription period is one year under Louisiana law, Evans thus maintains that the timely filing of his complaint here interrupted prescription as to all joint tortfeasors.

### III.   Law and Analysis

In *Sanchez*, the plaintiffs sought to add Tangipahoa Sheriff's Deputy Schwebel and City of

3

Hammond Police Officer Banquer as the previously unidentified officers in the original complaint. *See id.* at *1. The magistrate judge granted the motion, and, upholding the magistrate judge, the District Court held:

> In *Jacobsen v. Osborn*, 133 F.3d 315 (5th Cir. 1998), the plaintiff filed suit against a police officer whom he mistakenly thought arrested him. The plaintiff later discovered that he named the wrong officer and sought to amend his complaint. The United States Court of Appeals for the Fifth Circuit held that "the proposed amendment is exactly the situation at which Rule 15(c)(3) is aimed: the misidentification of a defendant," and permitted the amendment to relate back to the plaintiff's original filing. *Id.* at 320. The court also held that an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c). *Id.*
> In *Whitt v. Stephens County*, 529 F.3d 278 (5th Cir. 2008), the plaintiff sought to amend his complaint to name five "John Doe" defendants. The United States Court of Appeals for the Fifth Circuit applied *Jacobsen*, and held that the plaintiff's amendment would not relate back under Rule 15(c) because the statute of limitations barred actions against the proposed named defendants.
> The case at bar is distinguishable from *Jacobsen* and *Whitt*. As noted by the magistrate judge, federal courts apply the state statutes of limitation and tolling provisions to § 1983 claims. *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993). Under Louisiana law, plaintiffs' claims are subject to a liberative prescription period of one year. *See Jacobsen*, 133 F.3d at 319 (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)). Pursuant to Louisiana Civil Code article 2324(c), "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." Plaintiffs allege in their original complaint and first amended complaint that the "defendants are liable individually, jointly and in solido for their actions alleged herein." Thus, plaintiffs' timely filing their complaint against Sheriff Daniel Edwards and the City of Hammond interrupted prescription of plaintiffs' claims against Schwebel and Banquer. Therefore, plaintiffs do not need to rely upon relation back under Rule 15(c) for their claims against Schwebel and Banquer to be timely. Further, the magistrate judge correctly noted that "should it be determined that the defendants are not solidary obligors or joint tortfeasors, prescription will not be interrupted as to the other joint tortfeasors/solidary obligors not timely sued since no joint or solidary obligation exists," and that "if it is later determined that the defendants timely sued have no liability, prescription of the plaintiffs' claims against Deputy Schwebel and Officer Banquer will not be interrupted." Doc. #52 (citing *Pastor v. Foti*, 2002 WL 550982, *1-2 (E.D. La. 4/1/02)). Therefore, the magistrate judge did not err in granting plaintiffs leave to file their amended complaint.

*See id.* at *2.

The *Sanchez* defendants then moved for an interlocutory appeal of the District Court's order.

Civ. A. No. 08-1227, 2010 WL 2464748 (E.D. La. June 4, 2010). In the order denying the motion to certify its ruling for interlocutory appeal, the District Court noted:

> Schwebel and Banquer argue that this matter should be certified for interlocutory appeal because there is substantial grounds for difference of opinion of whether state procedural law can be used instead of Rule 15(c) for relation back. They contend that the potential for differences of opinion is highlighted by the Supreme Court of the United States' recent granting of certiorari in *Krupski v. Costa Cruise Lines*, 330 Fed. Appx. 892 (11th Cir. 2009), *cert. granted*, 130 S.Ct. 1133 (2010).
> 
> The issue before the United States Court of Appeals for the Eleventh Circuit in *Krupski*, was whether a misnamed party could be brought into the litigation after the statute of limitations had run. The court affirmed the district court's ruling that the amendment did not relate back under Rule 15(c), and did not permit plaintiff to pursue her claims against this misnamed party.
> 
> *Krupski* is distinguishable from this case. In this case, the court did not find that plaintiffs' amended complaint adding Schwebel and Banquer related back to the filing of the original complaint under Rule 15(c), but rather that prescription of plaintiffs' claims against Schwebel and Banquer had not run because it was interrupted by plaintiffs' filing a timely action against joint tortfeasors. Therefore, *Krupski* does not demonstrate that there is a substantial grounds for difference of opinion, and Schwebel and Banquer have not satisfied the elements required for the district court to certify an interlocutory appeal under § 1292(b).

Civ. A. No. 08-1227, 2010 WL 2464748, at *2 (E.D. La. June 4, 2010).

In *Krupski v. Costa Cociere S. p. A.*, the Supreme Court reversed the Eleventh Circuit and held that under Rule 15(c)(1)(C)(ii), "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." 560 U.S. 538, 541 (2010). The *Krupski* plaintiff sought to amend her complaint to name the proper defendant, Costa Crociere S. p. A., for the previously misidentified defendant, Costa Cruise Lines, L.L.C. *See id.* at 543-44. Because the Eleventh Circuit had concentrated on the plaintiff's knowledge of the identity of the proper defendant, the Supreme Court reversed, holding that it should have analyzed the issue from the defendants' perspective. *See id.* at 548. The Court thus allowed the amendment and held that it

5

related back.  Since the Supreme Court decided *Krupski*, the district courts have struggled as to its application, and this Court's search of the case law reveals that no court of appeals has explicitly ruled on it under these factual circumstances (*i.e.*, moving to amend to name a previously unidentified *John Doe* defendant).

The *Krupski* holding has thrown the district courts into confusion as to relation back under Rule 15.  Some courts distinguish *Krupski* on the ground that it did not involve a *John Doe* defendant, and that a plaintiff must still make a mistake in order for Rule 15(c) to apply.  *Trigo v. TDCJ-CID Officials*, Civ. A. No. H-05-2012, at *17-18 (S.D. Tex. Aug. 24, 2010).  Under this line of reasoning, the lack of knowledge of the identity of a defendant is just that, a lack of knowledge, and not a mistake.  Thus, *Jacobsen* and *Whitt* are still good law, and this would require denial of the amendment here.

Other courts find an exception under *Krupski* when a plaintiff seeks to determine the identity of the defendant before the discovery deadline – as plaintiff did here – and the defendant fails to provide it.  *Archibald v. City of Hartford*, 274 F.R.D. 371, 377 (D. Conn. 2011). Under this line of reasoning, courts do not give the benefit of a statute-of-limitations defense to the defendant, and they excuse the untimeliness of the amendment.  This would require the Court to grant the motion here.

Still other courts hold that *Krupski* has overruled to some extent their courts of appeals' opinions that hold in line with *Jacobsen* and *Whitt* (the majority of the courts of appeals agree with *Jacobsen* and *Whitt* when *John Doe* defendants are first named).  *Smith v. City of New York*, 1 F. Supp. 3d 114, 120-21 (S.D.N.Y. 2013).  These courts thus allow amendments to correctly identify a *John Doe* defendant.

Rather than wading into the morass of case law under Rule 15(c)'s relation-back clause, the

undersigned agrees with the two *Sanchez* opinions from this Court. It is well-settled case law that federal courts apply a state's statute of limitations *and* its equitable-tolling principles to Section 1983 actions. *See Burge v. Parish of St. Tammany*, 996 F.2d 780, 788 (5th Cir. 1993.). Louisiana Civil Code article 2324(c), which provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors," is just such an equitable-tolling principle. La. Civ. Code art. 2324(c). Evans does not need to rely on Rule 15(c), then, to correctly name the joint tortfeasors. As in *Sanchez*, Evans alleges in his original complaint that "[a]ll of the defendants are liable jointly, severally, and in solido for plaintiff's injuries." [Doc. #1 at ¶ 38]. Because he timely filed his lawsuit against the named joint tortfeasors, prescription was interrupted as to the unnamed joint tortfeasors.

Moreover, as in *Sanchez*, should it be determined that defendants are not solidary obligors or joint tortfeasors, prescription will not be interrupted as to the other joint tortfeasors/solidary obligors not timely sued since no joint or solidary obligation exists. Thus, if it is later determined that the defendants timely sued have no liability, prescription of the plaintiffs' claims against Sergeant Chad Hickey, Deputy Marshall Ray Hayes, Sr., and Sergeant Pamela Ricard will not be interrupted. *See Pastor v. Foti*, 2002 WL 550982, *1-2 (E.D. La. Apr. 1, 2002).

**IV.  Conclusion**

For the foregoing reasons and for those outlined in the two *Sanchez* opinions cited above,

**IT IS ORDERED** that the Opposed Motion to Supplement and Amend Original Complaint [Doc. #31] is GRANTED.

New Orleans, Louisiana, this 28th day of May, 2015.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**